Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5130 | **DATE** | 3/16/2004 |
| **CASE TITLE** | DARLENE MOORE vs. THE CITY OF CHICAGO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion for leave to file a third amended complaint is denied

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 18 2004 | 49 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARLENE MOORE, )
)
Plaintiff, )
)
vs. ) No. 02 C 5130
)
THE CITY OF CHICAGO, et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff wants to file a third amended complaint, bringing the City back in. The City opposes, convinced that its earlier dismissal was supposed to be with prejudice. Both plaintiff and the City have, with admirable candor, traced the somewhat convoluted procedural history leading up to the dismissal and its aftermath.

We question, however, whether the City can now be sued on federal claims. The events giving rise to the claims occurred on September 11, 2001, well over two years ago. A Rule 41(a) dismissal followed by a refiling must satisfy the statute of limitations, Adams v. Lever Bros. Co., 874 F.2d 393, 395 (7th Cir. 1989), and this does not. Thus, on the federal claims, it is as if the City had never been named as a party and now, after the statute has run, plaintiff seeks to add it as a party.

Plaintiff also seeks to file two state law claims against the City, one on the basis of *respondeat superior* and the other indemnification. They are unnecessary, as the City does not dispute that the individual officers were acting within the scope of their employment and are entitled to indemnification. They also appear to be too late (except, possibly, indemnification,

as the obligation does not specifically arise until there is a judgment against the police officers). State law, 735 ILCS 5/L3-217, extends the time for refiling in some instances, but none is applicable here. "No action which is voluntarily dismissed by the plaintiff ... may be filed where the time for commencing the action has expired."

The motion for leave to file is denied. And if we are wrong about this, plaintiff can file a motion for reconsideration.

                                                                       JAMES B. MORAN
                                                                     Senior Judge, U. S. District Court

March 16, 2004.