# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5130 | **DATE** | 6/16/2004 |
| **CASE TITLE** | DARLENE MOORE vs. THE CITY OF CHICAGO, OFF BRADLEY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion to reconsider and her motion to amend are granted, and defendant Gibson-Edwards' motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 17 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 65 |
| | Copy to judge/magistrate judge. | | | |
| | | 2004 JUN 16 AM 8:12 | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DARLENE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02 C 5130 |
| | ) | |
| THE CITY OF CHICAGO, OFFICER | ) | |
| BRADLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED JUN 17 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Darlene Moore brought this action against defendants alleging violations of her civil rights pursuant to 42 U.S.C. § 1983. In May 2003, she agreed to dismiss her Monell policy claims against the City of Chicago (City) in exchange for defendants' assurances that they would cooperate to move the case to a faster trial. On March 16, 2004, we denied plaintiff's motion for leave to file an amended complaint reinstating those claims against the City. Plaintiff then filed a motion to reconsider that order. Defendant Delores Gibson-Edwards filed a motion to dismiss the claims against her. For the following reasons, plaintiff's motion to reconsider, along with her earlier motion to amend, are granted, and defendant Gibson-Edwards' motion is denied.

Motion to Reconsider

In our March 16, 2004 order, we denied plaintiff's motion for leave to amend the complaint because we determined that the claims failed to satisfy the statute of limitations, as is required following a dismissal pursuant to Federal Rule of Civil Procedure 41(a). See Adams v. Lever Bros. Co., 874 F.2d 393, 395 (7th Cir. 1989). When doing so, we believed that

the City had been entirely dismissed from the complaint as part of the May 2003 dismissal order. That was not the case. Instead, plaintiff's state law claims against the City (counts VIII and IX of the second amended complaint) were, and are, still pending.

This does not exempt plaintiff from the requirement that her new claims must satisfy the statute of limitations – Rule 41(a) still applies. Rule 15(c), however, allows plaintiff to meet that requirement by "relating back" the new claims as long as they arise from the same set of facts contained in the original pleading. <u>Donnelly v. Yellow Freight System, Inc.</u>, 874 F.2d 402, 410 (7th Cir. 1989). Here, there is no dispute that the <u>Monell</u> claims arise from identical facts as the state law claims currently pending. For that reason, plaintiff's motion to reconsider is granted, leaving us to resolve the issue presented in the original motion to amend: whether the May 2003 dismissal was with or without prejudice.

Rule 41(a)(2) states that a voluntary dismissal is without prejudice unless otherwise specified in the order. Our May 21, 2003 order is silent as to this issue, though it does refer to defendant's motion asking for dismissal of the <u>Monell</u> claims, with prejudice. Plaintiff's counsel claims not to have noticed that language, stating that the topic was never discussed during negotiations. The City argues that the parties must have intended to dismiss the claims with prejudice, otherwise it would have made no sense for the City to agree to withdraw the motion to structure discovery. Plaintiff insists that the opposite is true – she would not have dismissed the policy claims with prejudice in exchange for a mere promise by defendant to cooperate.

There is nothing (other than the language in defendant's motion, which plaintiff may not have noticed) to indicate that the parties discussed this issue before it arose in the motion to amend the complaint, and defendant does not claim that there was. Absent any such

evidence, Rule 41(a)(2) forces us to conclude that the dismissal was without prejudice. We also believe that this result makes the most sense in the context of the parties' bargain. Plaintiff has the right to reinstate the policy claims against defendant and defendant has the right to re-file its motion seeking to structure discovery. Also, while the City certainly would have benefitted from prevailing on the motion to structure, rather than agreeing to withdraw it, there were also benefits to seeing the Monell claims dismissed and pursuing expedited litigation of the remaining claims. This idea is supported by the fact that defendant made no attempt to modify the May 21, 2003 order prior to the filing of plaintiff's motion to amend. In any case, we do not second-guess the motivation of the parties in reaching their agreement but conclude, in light of Rule 41(a)(2), that plaintiff is permitted to amend the complaint to reinstate the policy claims. In doing so, we commend both parties for their candor in discussing the issue.

## Motion to Dismiss

In plaintiff's original complaint she stated a claim against certain unknown police officers. On June 25, 2003, she filed a second amended complaint, naming defendant Gibson-Edwards for the first time. In the body of the complaint, however, Gibson-Edwards was not mentioned by name. Instead, the complaint stated only that "requests for medical attention were ignored by unknown Chicago Police Officers." Defendant Gibson-Edwards now claims that we should dismiss her from the suit with prejudice.

If a complaint mentions a defendant in the caption, but alleges no action on his/her part, that defendant should be dismissed from the action even under liberal pleading requirements. Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974). That is not the case here. Although not mentioned by name, Gibson-Edwards is referred to in the complaint. She is well

aware that plaintiff is claiming that she failed to provide medical attention. In <u>Potter</u>, and the cases that follow it, no action by the defendants was mentioned in the complaint, giving them no notice of the plaintiffs' claims. 497 F.2d at 1207-08; *see also* <u>Hernandez v. County of DuPage</u>, 1997 WL 598132, *9-10 (N.D. Ill.) (dismissing claims where plaintiff named four of the defendants in the caption but failed to specifically mention them in the complaint, using only the word "defendants"). Here, plaintiff simply erred in failing to change the language of the body of the complaint when naming Gibson-Edwards as a defendant.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to reconsider and her motion to amend are granted, and defendant Gibson-Edwards' motion to dismiss is denied.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

June 16, 2004.