Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5130 | **DATE** | 9/29/2004 |
| **CASE TITLE** | DARLENE MOORE vs. CITY OF CHICAGO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Defendants' motion to reconsider is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 71 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARLENE MOORE,  )
  )
      Plaintiff,  )
  )
vs.  )   No. 02 C 5130
  )
CITY OF CHICAGO, et al.,  )
  )
      Defendants.  )

DOCKETED
SEP 30 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Darlene Moore brought this action against defendants alleging violations of her civil rights under 42 U.S.C. § 1983. She originally included Monell policy claims against the City of Chicago (City), but in May 2003 she voluntarily dismissed those claims. In exchange for the dismissal of the Monell claims, and in order to expedite the case to trial, the City withdrew its motion to structure discovery. On June 25, 2003, plaintiff filed a second amended complaint in which she named Delores Gibson-Edwards (Gibson-Edwards) as a defendant. Plaintiff then filed a motion to reinstate her Monell claims and add a new claim. On March 16, 2004, the court denied that motion, after which plaintiff filed a motion to reconsider and Gibson-Edwards filed a motion to dismiss the claims against her. On June 16, 2004, we granted plaintiff's motion to reconsider and denied Gibson-Edwards' motion to dismiss. The City and Gibson-Edwards then filed a motion to reconsider, and, for the following reasons, that motion is denied.

A motion to reconsider is proper to correct manifest errors of law or fact, or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Arguments that have already been rejected may not be rehashed and resuscitated on reconsideration. Caisse Nationale de Credit Agricole v. CBI Indus., 90 F.3d 1264, 1270 (7th

Cir. 1996). We first address Gibson-Edwards' claim that the denial of her motion to dismiss presented manifest errors of fact and law.

The caption of plaintiff's complaint lists Gibson-Edwards as a defendant, but the body of the complaint does not specifically mention her name. Relying on Potter v. Clark, 497 F.2d 1206 (7th Cir. 1974), and a string of cases that follow, Gibson-Edwards argued that she should be dismissed from the suit. In our June 16, 2004 order, we rejected that argument and concluded that the complaint referred to Gibson-Edwards. Gibson-Edwards now contends that it was a manifest error of fact to deny her motion because the complaint does not refer to her. While it is true that Gibson-Edwards' name is absent in the complaint, reference to her acts does exist. We think it is enough that Gibson-Edwards had actual notice that she was considered to be an unknown officer who ignored pleas for medical attention. In Count IV plaintiff alleges that her pleas for medical attention were ignored by "unknown Chicago Police Officers." But, Gibson-Edwards had notice that these charges were levied against her since on June 19, 2003, she was deposed by plaintiff for the purpose of discovering the identity of the "unknown [individuals]," and, on June 25, 2003, plaintiff filed her second amended complaint naming Gibson-Edwards as a defendant. Count IV references Gibson-Edwards by conduct rather than by name, but it is a reference nonetheless. Therefore, concluding that the complaint referenced Gibson-Edwards did not constitute a manifest error in fact. Ultimately, plaintiff has alleged a "specific act on the part of the defendant" and that is enough to distinguish this case from Potter, in which there was no such allegation.

Gibson-Edwards also argues that the prior order was based on a manifest error of law because this court misapplied Hernandez v. County of DuPage, 1997 WL 598132, 1997 U.S. Dist. LEXIS, 14526 (N.D. Ill. 1997). The June 16, 2004, order cited Hernandez in support of our interpretation of Potter, that a complaint that alleges no action by defendants fails to

provide them with notice. In Hernandez the defendants were named in the caption of the complaint but the body of the complaint omitted their names and only mentioned actions taken "by defendants." The court observed that such a pleading deficiency failed to link the defendants to the alleged constitutional violations. Hernandez, 1997 WL 598132, *9-10. Drawing on that observation, Gibson-Edwards claims that a complaint is similarly flawed when it refers to "unknown" defendants. That may be true, but it is beside the point. As the prior order noted, the complaint mentions conduct taken by Gibson-Edwards and she had notice that she was the subject of the allegations, unlike Hernandez.

The City argues that this court made "an error of apprehension" when it allowed plaintiff to reinstate her Monell claims. Our March 16, 2004, order denying plaintiff's motion to reinstate was based on an error – we believed that the City had been dismissed entirely from the complaint, which was not the case. If the City had been dismissed, then plaintiff's Monell claims would have been time-barred pursuant to Federal Rule of Civil Procedure 41(a). But because the City was not entirely dismissed, Rule 15(c) allowed plaintiff to "relate back" to the original pleading. In the June 16, 2004, order we also held that plaintiff's voluntary dismissal of her Monell claims was done without prejudice, relying on the language of the court's order, which makes no mention of prejudice. Rule 41(a)(2) states that voluntary dismissal is without prejudice, unless an order indicates to the contrary.

The City's challenge to the June 16, 2004, order is specific. In its motion to reconsider, the City does not challenge the court's ruling that allowed plaintiff to add a new policy claim, and the conclusion that plaintiff's voluntary dismissal was without prejudice. Instead, the City focuses on the "old" Monell claims that were voluntarily dismissed (Counts I, III, IV, and V in the second amended complaint). The City argues that they cannot be reinstated because the statute of limitations has run.

An action that is voluntarily dismissed pursuant to Rule 41(a)(2) is treated as if it had never been filed. Robinson v. Willow Glen Academy, 895 F.2d 1168, 1169 (7th Cir. 1990); 9 Wright & Miller, Federal Practice and Procedure: Civil 2d § 2367, at 321 (1994). A plaintiff who seeks to refile a voluntarily dismissed claim ordinarily must do so within the time period set by the controlling statute of limitations. Beck v. Caterpillar, Inc., 855 F. Supp. 260, 264 (C.D. Ill. 1994). Voluntary dismissal did not terminate the case before the court – only the Monell claims were dismissed. After plaintiff voluntarily dismissed those claims, it was as if they were never filed. When plaintiff sought to reinstate them, she treated them as if they were amendments, so that they could relate back to the original pleading, just as she did with her new claim. This is precisely what we meant in our prior order when we wrote, "there is no dispute that the Monell claims arise from identical facts as the state law claims currently pending." The fact that we said "Monell claims" rather than "Monell claim" should have indicated to the City that we related back both "old" and "new" Monell claims to the original pleading. Nothing in Adams v. Lever Bros. Co., 874 F.2d 393 (7th Cir. 1989)–a case the City cites–suggests that the voluntarily dismissed Monell claims in this case cannot relate back to the original pleading. Adams only states that claims dismissed pursuant to Rule 41(a) must meet the statute of limitations. Rule 15(c) allows plaintiff to meet that requirement. Bularz v. Prudential Ins. Co. of Am., 93 F.3d 372, 379 (7th Cir. 1996).

## CONCLUSION

For the foregoing reasons, defendants' motion to reconsider is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 29, 2004.