IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARLENE MOORE, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | No. 02 C 5130 |
| THE CITY OF CHICAGO, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff moves to bar two witnesses not disclosed by defendants by a supplement to their Rule 26(a)(1) disclosures prior to the close of discovery. That motion is denied, but plaintiff, if she wishes, may depose either or both of those witnesses prior to trial.

Ordinarily a party must disclose early on the witnesses upon whom the party may rely. The reason is evident – so that the other party, if she so wishes, can discover what information that witness may have. Here, neither plaintiff nor defendants were aware of either witness when the case began. Plaintiff's history respecting employment, arrests and medical problems, all relevant to damages, came out in dribs and drabs, as defendants probed into information that was gradually disclosed. That led defendants to move to dismiss because of perceived discovery abuses. The motion was denied in a 26-page opinion on June 14, 2006, which detailed the painful course of discovery during this litigation.

During that painful course defendants learned from subpoenaed documents that a supervisor at a prior employment had terminated plaintiff for failure to meet minimal expectations, and that a security officer at a store had been involved in plaintiff's arrest on one occasion, and had observed her conduct at the time. Those are the witnesses plaintiff now

seeks to bar because they were not designated in a supplemental Rule 26(a)(1) disclosure prior to the close of discovery. But plaintiff learned just as much as defendant about those witnesses from the documents. Her real concern, it seems, is that she was not advised that defendants might call them as witnesses at trial and therefore she did not depose them. She implies that defendants should have deposed them, but they had no obligation to do so. In any event, the trial is not until September. Perhaps defendants should have filed a formal disclosure when they determined that they might rely upon those persons, but their names and roles were known to plaintiff. A trial is not a place, however, for discovery depositions, and, assuming that defendants are intending to call them at trial, plaintiff should have an opportunity to depose them first.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 24, 2007.