IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARLENE MOORE,            )
                          )
        Plaintiff,        )
                          )
    vs.                   )   No. 02 C 5130
                          )
THE CITY OF CHICAGO, et al.,  )
                          )
        Defendants.       )

## MEMORANDUM OPINION AND ORDER

Plaintiff Darlene Moore and defendant officers Valena Bradley, Jean Michael Parker and Michael Threet seek rulings on various motions *in limine* prior to trial. We take each in turn, beginning with plaintiff's.

### Plaintiff's Motions *in Limine*

1. The motion for bifurcation of liability and damages at trial is denied. While we understand plaintiff's concern that the liability verdict may be tainted by the damages evidence, we find the two not easily separable. The extent of plaintiff's injury is relevant to the defendant officers' use of force. The officers make an argument that their force was reasonable because it caused no injury. Therefore, evidence of any pre-existing injury, or the extent of her injury after the incident, is relevant to rebut her claims of causation. We find plaintiff's concerns about this and other potential damages evidence can be remedied through careful jury instructions and resolution of other evidence issues.

2. The motion to bar reference to resolved claims is granted. No mention will be made of the fact that certain claims have been dismissed against the City of Chicago or Officer Gibson-Edwards. Defendant officers argue that this should include any reference to plaintiff

requesting and being denied medical attention during her 24 hours in lockup, as such evidence would be highly prejudicial to defendant officers. We disagree. Evidence of plaintiff's pain and suffering during that period is relevant to damages, and we do not see how it is prejudicial to defendant officers. Plaintiff is not alleging that she requested medical attention from any of the defendant officers, nor that they were present at the time. Therefore, they cannot be held responsible for her lack of medical care, and cannot be prejudiced by the introduction of this evidence. Plaintiff, on the other hand would be highly prejudiced by the exclusion of this evidence, since one of defendant officers' arguments is that plaintiff's injuries were not serious because she did not seek medical attention in a timely manner. Defendant officers also argue that the evidence excluded under this motion should also include any reference to the policies or practices of the Chicago Police Department. We address this argument in defendant officers' ninth and eleventh motions *in limine*.

3. The motion to bar references to prior arrests and criminal history is granted. Both parties agree that plaintiff's previous convictions cannot come in under the Federal Rules of Evidence because of their remoteness in time (Rule 609(b). Defendants argue that plaintiff's previous arrests should be admitted. Generally, arrests are not admissible as evidence under the Rules of Evidence, for purposes of impeachment or as character evidence (Rule 404(b)). Defendant officers argue that plaintiff's prior arrests are relevant to her claim that she suffered emotional distress from this incident, since they tend to show plaintiff's other contacts with police. Shkrobut v. Alvarado, et a.,, 04 C 8051; Foryoh v. DeJesus, et al., 05 C 2341; Redmond v. City of Chicago, et al., 2008 WL 539164, *2 (N.D. Ill. Feb. 26, 2008). While these courts ruled that the prior arrests were relevant to a claim for emotional distress, we agree with the court in Brandon v. Village of Maywood that, to be relevant, the arrests must be

substantially similar and the court must conduct a prejudice analysis. 179 F. Supp. 2d 847, 854, 55 (N.D. Ill. 2001). In Brandon, the court found that where the previous arrests are dissimilar to the arrest at issue, prejudice that would result from admission substantially outweighs the probative value of that evidence. Here, defendant officers have put forth no evidence that plaintiff's earlier arrests were in any way similar to the one at issue here. There is no evidence that plaintiff's earlier arrests were alleged to have been false, or that she was subject to excessive force. Such similarity would be necessary to rebut her claim that this arrest, unlike the others, resulted in emotional distress. Thus, the nature of her earlier police contacts is not relevant to a claim that she suffered emotional distress from this police contact. It would be highly prejudicial to the plaintiff to allow evidence of these arrests when their probative value is so low.

4. The motion to bar extrinsic evidence relating to the November 2005 arrest is granted. Plaintiff asserts that she is not claiming any injury to her hand inconsistent with that which is depicted in the department store video where she was seen shoplifting. Thus, to the extent defendant officers argue that the video and photographs are relevant to rebut her claim of damages, we find they are not. If at some point during trial plaintiff's claims of damages do contradict what is shown on the tape, defendant officers may move for a reconsideration of this decision and the court will view the tape and rule on its admissibility at that time.

5. The motion to bar reference to any criminal histories of other witnesses is granted in part. Generally, convictions that are less than 10 years old are permitted to be used for purposes of impeachment, subject to a prejudice analysis (Rule 609(b)). However, here, in response to a pointed interrogatory propounded by plaintiff, defendant officers failed to identify any convictions that they intended to use at trial. To the extent that defendant officers

seek to use at trial the criminal conviction of any of plaintiff's witnesses, their failure to disclose those convictions in response to plaintiff's requests results in a bar of that evidence. *See e.g.* Regalado v. City of Chicago, 1998 U.S. Dist. LEXIS 20528 (D. Ill. 1998)("counsel for a litigant are entitled to full disclosure in response to their legitimate discovery requests"). Plaintiff did not request any information as to prior arrests of witnesses, nor are we given any reason why a particular arrest would be admissible.

6. The motion to bar references to inflammatory, cumulative and previously resolved allegations of discovery abuse and prior sanctions is granted. Neither party shall refer to the other's failure to comply with the requirements of discovery as those issues have been resolved by this court.

7. The motion to bar testimony regarding the September 11th terrorist attacks is granted. If plaintiff seeks to impeach Officer Stanley's perception of the day's events by asking him if he was in a "daze," defendant officers may elicit the fact that Officer Stanley had received a call from his son that he was in a serious accident and that he could not ascertain his son's safety. However, they may not elicit the fact that his son was trapped in the Twin Towers, as such information would be highly prejudicial and unnecessary to explain why Officer Stanley may have been in a daze that day.

8. The motion to bar references to plaintiff's traffic citations is granted for the same reasons cited in plaintiff's third motion *in limine*.

9. The motion to bar witness Alma Porch, and the related December 8, 2007 incident is, to a limited extent, denied. Porch's testimony may be relevant to rebut claims that plaintiff continues to suffer from pain and a lack of range of motion as a result of her injury on the date of the incident. Plaintiff is free to cross-examine Porch as to her motives behind her testimony

and to impeach her credibility. Porch can only testify based on personal knowledge. Therefore, Porch may testify to her knowledge of plaintiff's injury only during the limited period when she actually witnessed plaintiff's use of her arm.

10. The motion to bar references to an incident involving Dr. Ramaswamny more than a decade ago is granted in part. Defendants may introduce evidence that plaintiff suffered an injury to her arm prior to her arrest, and that the previous injury resulted in emotional distress. Defendants may not go into the details about the incident except to demonstrate how the actual injury occurred (e.g. plaintiff fell on her right arm, but not that plaintiff was pushed by a physician, etc.).

11. The motion to bar reference to miscellaneous medical issues is granted in part. The parties agree that evidence related to a number of plaintiff's earlier medical maladies is not relevant and will not be discussed at trial. The parties also agree that evidence of plaintiff's depression, anxiety, memory loss, epilepsy and headaches may be introduced at trial. Defendant officers also seek admission of other, nondescript "mental health" evidence. Plaintiff does not make a blanket objection to this evidence, but requests that she be informed in advance, and outside the presence of the jury, as to the specific information defendant officers seek to introduce. That request is granted.

12. The motion to bar reference to plaintiff's departure from employment with Value City Department Store is granted. Plaintiff does not contend that she is unable to find gainful employment despite her attempts, but that her emotional distress has prevented her from even seeking gainful employment. Therefore, the fact that she was deemed to have abandoned her job at Value City and would not be rehired is not relevant to plaintiff's claims for damages.

13.　The motion to bar plaintiff's booking photograph is granted. While plaintiff's booking photo does reflect "her appearance" on the day in question, her appearance is not at issue here, and the photo does not reflect "her demeanor" at the time of her arrest. The fact that she is not smiling in the photo is certainly not probative of her demeanor – who smiles in booking photos? Nor is it relevant to her claim of excessive force, as it does not show the portion of her body she claimed was injured.

14.　The motion to bar reference to plaintiff's discharge from Ada S. McKinley is granted for the same reasons as plaintiff's twelfth motion *in limine.*

15.　The motion to bar undisclosed witnesses and evidence is granted to the extent that defendant officers do not contest it, and denied, for now, as to the remainder of the motion. Defendant officers are not required to disclose evidence used solely for impeachment, unless, like the convictions excluded in plaintiff's third motion *in limine,* plaintiff specifically requested the information in discovery and it was not disclosed. To the extent defendant officers seek to use any undisclosed evidence for impeachment purposes only, the motion will be denied. However, we believe such rulings are better left to the specific situations that may arise, as the facts of the case will be necessary to determine what constitutes impeachment evidence. Therefore, we deny plaintiff's motion for now, and allow her to renew it at the appropriate time during trial.

16.　The motion to bar irrelevant witnesses is denied for now. We granted plaintiff's second motion *in limine,* and therefore the testimony of the lockup officers may be relevant to rebut her claim of requests for medical care during her detainment. Furthermore, as to any other witness that may be called for impeachment purposes, plaintiff may renew her motion at that time, as stated above in plaintiff's fifteenth motion *in limine.*

17.　The motion to bar reference to prior legal claims is denied to the extent that any injuries suffered that are the subject of prior lawsuits bear directly on the extent of the injuries allegedly suffered here (i.e. arm injuries or emotional distress). It is also denied to the extent defendant officers can demonstrate that any of plaintiff's earlier lawsuits were fraudulent and similar to the one at hand (excessive force or false arrest claims). It is granted as to the remainder of the motion.

18.　The motion to bar certain testimony from defense expert Dr. Weine is granted to the extent that Dr. Weine is not permitted to testify to plaintiff's credibility. It is denied in that Dr. Weine may testify about relevant facts related to plaintiff's health history, which she did not disclose to him in her interview. This evidence is relevant because it may be used to rebut claims by plaintiff as to the completeness or incompleteness of Dr. Weine's analysis and report. The motion is denied to the extent that Dr. Weine seeks to relate plaintiff's earlier diagnosed cognitive difficulties with her inability to work, subject to the court's above rulings regarding plaintiff's former employment. Ruling is deferred regarding whether Dr. Weine may testify about his conclusion that plaintiff is engaging in "symptom exaggeration." Defendant officers state that this is not even a diagnosis, but merely a "descriptor." We disagree with that characterization, as Dr. Weine clearly makes this the focus of one entire conclusion in his report. Plaintiff argues that Dr. Weine fails to support his conclusion with any medical or scientific evidence. Dr. Weine's report seems to address some of the factors that he believes contribute to such a diagnosis, but, as plaintiff notes, does not appear to draw his conclusions from any source other than plaintiff's own self-report. This is unacceptable, according to the very article that defendant officers cite in support of the admission of the "symptom

exaggeration" testimony.[1] Given this conflict and the lack of information before the court at this juncture, we will allow plaintiff to *voir dire* Dr. Weine on this subject prior to his testimony, so that the court may better understand his bases and conclusion before ruling on admissibility.

Defendant Officers' Motions *in Limine*

1. The motion to exclude witnesses from viewing other witnesses' testimony or reviewing transcripts is granted by agreement of the parties.

2. The motion to bar witnesses from commenting on the credibility or veracity of other witnesses is granted. Neither party may attempt to bolster the credibility of its witnesses or improperly impeach opposing witnesses. Parties may properly impeach the credibility of a witness through reputation or opinion evidence.

3. The motion to bar any evidence or testimony regarding unrelated complaint registers is granted. The registers that plaintiff seeks to admit, while perhaps relevant to her claim, are nonetheless impermissible character evidence. Plaintiff has not demonstrated that these complaint registers show motive, intent, or a pattern of such similar conduct as to be considered evidence of *modus operandi*. Furthermore, these complaint registers are only allegations against defendant officers – they have not been proven. As such, defendant officers would be required to defend against the unrelated complaint registers' allegations as well, resulting in trials within trials, risking serious jury confusion. Finally, admission of unrelated

---

[1] Defendant officers supply two articles in support of their contention. One is simply a study of the frequency of patients who malinger or exaggerate symptoms. The other, entitled A Practical Method for the Evaluation of Symptom Exaggeration in Minor Head Trauma Among Civil Litigants, specifically states that "Forensic evaluations in civil litigation require a specific discussion of the nexus between symptoms and compensable damage that are corroborated by multiple data sources and not just client report." 31 J. AM. ACAD. PSYCH. L. 220-31, 220 (2003). Dr. Weine's report cites no such additional data sources, other than his interview with plaintiff, to support his conclusion here.

complaint registers would result in an inefficient use of time and substantial prejudice to defendant officers.

4. The motion to bar argument regarding the nature and quality of the O.P.S. investigation is granted in part. Plaintiff may discuss that she filed a complaint with O.P.S. after the incident, but may not comment on the thoroughness (or lack thereof) of the investigation. Neither party may comment on the outcome of the investigation. If defendant officers call O.P.S. investigators to impeach plaintiff, plaintiff may reveal that those witnesses work for O.P.S., for purposes of bias, but may not discuss inefficiencies in the investigation process or the investigation in this case. Plaintiff is free to impeach defendant officers with statements made during the investigation, and to inquire whether the officers conferred before making those statements, but may not draw the inference that the O.P.S. process facilitated any such conference. Finally, plaintiff is not permitted to discuss the spoilation of the 911 tapes as the result of a tardy O.P.S. request. Plaintiff has never alleged a claim of spoilation of evidence in this case and may not attempt to bring in evidence of O.P.S. failures by way of raising one now.

5. The motion to bar reference to other publicized incidents alleging police misconduct is granted, absent any justification not previously provided. References to publicized incidents of police misconduct, especially those involving Chicago police officers, is highly prejudicial in light of recent events, and that prejudice substantially outweighs any probative value such references might have. Further, plaintiff's punitive damages claim is solely against defendant officers, and therefore evidence about sending a message to the City is inappropriate.

6. The motion to bar mention of indemnity is granted, except as to the extent defendant officers open the door by offering evidence that they are not financially capable of paying

compensatory damages to plaintiff. In that event, the court, with the help of the parties, will fashion an appropriate jury instruction to inform the jury that the defendant officers will be indemnified as to compensatory, but not punitive, damages. The motion is granted as to how defense counsel prefers to be named in this litigation. It is denied as to eliminating all references to "the City," as that is an unreasonably broad request. Defendants may make objections on a case-by-case basis.

7. The motion to bar evidence of the FOP disclaimer is granted for the reasons stated above in defendant officers' third motion *in limine*.

8. The motion to bar generalized evidence of an alleged police code of silence is granted to the extent plaintiff seeks generally to attack the Chicago Police Department. However, she may elicit such evidence to develop the theme that a code of silence existed among these particular officers in this particular incident, and may argue code of silence in those circumstances as a reasonable inference.

9. The motion to bar mention of City rules and regulations is deferred. We cannot say what rules and regulations may be at issue at trial and thus a blanket prohibition or allowance is inappropriate at this time, keeping in mind that violation of a rule is not necessarily a constitutional violation.

10. The motion to bar mention of sending a message to the City is granted. Plaintiff cannot collect punitive damages from the City and, therefore, any argument that an award sends a message to the City would be misleading and inappropriate.

11. The motion to bar expert witness Joseph Stine is granted to the extent that Stine seeks to testify about the adequacy of the O.P.S. investigation, the practice of signing a blank complaint form, or the response (or lack thereof) of jail personnel to plaintiff's requests for

medical assistance. It is denied to the extent that Stine seeks to testify about the arrest and use of force, subject to our other rulings. Defendant officers are free to cross-examine Stine as to his failure to consider their deposition testimony in drawing his conclusions.

*[signature]*
JAMES B. MORAN
Senior Judge, U. S. District Court

April 15, 2008.