IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DARLENE MOORE, )
)
      Plaintiff, )
) 02 C 5130
v. )
) Judge Moran
THE CITY OF CHICAGO, et al., )
)
      Defendants. )

## PLAINTIFF'S COMBINED MOTION FOR ENTRY OF JUDGMENT AND RESPONSE TO DEFENDANTS' MOTION TO STAY ENTRY OF JUDGMENT

Now Comes Plaintiff, DARLENE MOORE, through her counsel, LOEVY & LOEVY, and (a) respectfully moves for entry of judgment on the jury's verdict, and (b) opposes Defendants' motion to stay entry of judgment. In support, Plaintiff states as follows.

1. On April 30, 2008, the jury returned a verdict in Plaintiff's favor in the amount of $250,000.

2. Entry of judgment on a general verdict is a ministerial act. See Fed. R. Civ. P. 58 (without a contrary order "the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when the jury returns a general verdict").

3. In this case, no just cause exists to delay entry of the judgment on the verdict, nor does Defendants' motion even intimate what that justification might conceivably be.

4. Instead, without providing any supporting cases, Defendants ask this Court to deviate from the presumed procedure and stay entry of judgment. The request should be denied for at least three reasons.

5.  First, there would be no prejudice to the defense if the usual procedure is followed: any arguments Defendants intend to raise in their Rule 50 motion could just as easily (and more properly) be raised in a Rule 59 motion.  In fact, the argument Defendants seek to make is exactly the type contemplated by Rule 59; conversely, the Rules do not contemplate the sort of post-verdict-directed-verdict Defendants apparently seek.

6.  Second, in contrast to the defense, Plaintiff would be prejudiced by delay in entering judgment.  Not only would she be unfairly asked to forgo interest on the delayed receipt of her judgment, but redundant briefing schedules (Rule 50 motion followed by a Rule 59 motion) would only serve to push back further the date on which she will receive the compensation the jury awarded.  Such a delay -- which unfairly favors the defense at the expense of the Plaintiff without justification -- is unnecessary and entirely avoidable.

7.  Third, in any event, the Defendants' anticipated motion is frivolous.  No matter how much the City believes that Ms. Moore should have lost (and based on six years of litigation, Plaintiff can see that the City believes this with all of its municipal heart) the jury has now spoken. Put simply, it was within the jury's prerogative to credit Plaintiff's evidence and to reject that of the defense.  The jury chose to do so, and once the jury's verdict is given its proper deference -- and all of the evidence is viewed in a light most favorable to the Plaintiff -- there can be no genuine suggestion that the verdict can be disturbed.  While Defendants are certainly entitled to pursue a

Rule 59 motion, any unnecessary delay in moving the process toward its long-awaited resolution is pointless and should be avoided.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on the jury's verdict so the Defendants can file their Rule 59 motion, if any, and the case can proceed forward toward its final resolution.

RESPECTFULLY SUBMITTED,

/s/ Jon Loevy
Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Amanda Antholt
LOEVY & LOEVY
312 North May
Suite 100
Chicago, IL 60607

CERTIFICATE OF SERVICE

I, Jon Loevy, an attorney, certify that on May 1, 2008, I served this document by ECF electronic filing as to counsel for all parties.

/s/ Jon Loevy