IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| DARLENE MOORE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 02 C 5130 |
| | ) | |
| THE CITY OF CHICAGO, OFFICER BRADLEY, Star No. 17810, OFFICER PARKER, Star No. 17991, and UNKNOWN CHICAGO POLICE OFFICERS | ) ) ) ) | JUDGE MORAN |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants, City of Chicago, Valena Bradley, and Jean Michael Parker, (referred to herein collectively as "Defendants") by their attorneys, move for judgment as a matter of law, pursuant to Fed.R.Civ.P. 50, on Plaintiff's claim of false arrest, stating as follows:

Probable cause existed to arrest Plaintiff. The existence of probable cause to arrest presents an absolute defense to a section 1983 claim based on the Fourth Amendment for false arrest. Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006). "A law enforcement officer has probable cause to make an arrest when "the facts and circumstances within [their] knowledge and of which [they] have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense." Jones v. Webb, 45 F.3d 178, 181 (7th Cir. 1995) quoting Beck v. Ohio, 379 U.S. 89, 91 (1964). To establish a valid false arrest claim, Plaintiff must prove that Defendants did not have probable cause to arrest her. Plaintiff has failed to do so here.

I. **Sergeant Threet Caused The Fourth Amendment Seizure.**

Defendant Officers cannot be liable for the false arrest because Threet was the one that had plaintiff arrested. Here, it was Sergeant Threet who arrested Plaintiff. A seizure for

1

purposes of the Fourth Amendment can occur when an officer "by means of physical force **or** show of authority has in some way restrained the liberty of a citizen." United States v. Mendenhall, 446 U.S. 544, 552, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980) (internal quote omitted). See Graham v. Connor, 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ("A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, by means of physical force or show of authority, ... in some way restrained the liberty of a citizen.") (internal quotation omitted). A person is "seized" under the Fourth Amendment "if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Mendenhall, 446 U.S. at 554, 100 S.Ct. 1870. Threet testified that at some point he was called back to the scene by Defendant Bradley ("Bradley"). At some point after Threet arrived, he made the decision to arrest Plaintiff and gave a verbal order to arrest Plaintiff. (Trial Testimony attached as Exhibit A at p. 114-115, 302, 383). Once Threet ordered Plaintiff arrested, Plaintiff was not free to leave.

Plaintiff herself confirms this point. Plaintiff testified that at the time she heard one of the male police officers say "arrest her," she was on the phone with 911 and "told them to please send some help because they are getting ready to arrest me," and knew they were about to arrest her because she heard them. (Exhibit A at p. 115). Under those circumstances, it is clear that at the time Threet said "arrest her" Plaintiff knew she was under arrest and knew she was not free to leave, therefore, at that point in time, there was clearly a "seizure" under the Fourth Amendment even before Bradley approached Plaintiff to physically place handcuffs on Plaintiff.

A. **Bradley and Parker merely effectuated the arrest.**

At the time Bradley approached Plaintiff to place handcuffs on her, Plaintiff was already under arrest, and she was merely effectuating the arrest of Plaintiff. "Section 1983 creates a

cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original). See also Martin v. Tyson, 845 F.2d 1451, 1455 (7th Cir. 1988); Eadees v. Thompson, 823 F.2d 1055, 1063 (7th Cir. 1987). *See also* Jenkins v. Keating, 147 F.3d 577, 583 (7th Cir. 1998). Furthermore, "a plaintiff may bring a Section 1983 claim only against those individuals actually responsible for the constitutional deprivation." Delafont v. Beckelman, 264 F. Supp. 2d 650, 656 (N.D. Ill. 2003) (citations omitted). Bradley and Parker can not be liable for the Fourth Amendment seizure of Plaintiff, because she was already "seized" when Threet said arrest her. Here, the defendant officers were merely effectuating the arrest. They were acting similar to transport officers. In Morfin v. City of East Chicago, the Seventh Circuit held that an officer who was merely transporting an arrestee could not be held liable for committing an unlawful arrest. 349 F.3d 989, 1000-01 (7th Cir. 2003) citing Maltby v. Winston, 36 F.3d 548, 559 (7th Cir.1994)("holding that sheriff who transported and otherwise acted as custodian of arrestee could not be liable for alleged constitutional violation of arrest without probable cause"). Defendants clearly did more than just transport plaintiff like the defendants in Mofin and Maltby, the defendants actually physically restrained Plaintiff as she was resisting. However, in this case, the jury decided that the force defendants' used to put the handcuffs on Plaintiff was reasonable under the Fourth Amendment. As such, after Threet arrested the plaintiff, the defendant officers actions were limited to physically handcuffing her and transporting her to the station – actions the jury found reasonable.

    B.    **Probable Cause Existed To Arrest Plaintiff For Resisting Arrest.**

At the moment that Bradley approached Plaintiff to place her under arrest, Plaintiff

3

resisted arrest, and therefore, independent probable cause existed at that time to arrest Plaintiff. "Probable cause to believe that a person has committed any crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause." Devenpeck v. Alford, 543 U.S. 146, 153 (2004). In fact, in a recent Supreme Court decision, the Court held that "when an officer has probable cause to believe a person committed even a minor crime in his presence...the arrest is constitutionally reasonable. Virginia v. Moore, Slip Op. 06-1082, p. 8, (Decided April 23, 2008); see also Devenpeck v. Alford, 543 U.S. 146, 152 (2004); and see Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001). In other words, an officer need only believe that *a law* has been broken in their presence in order to satisfy the probable cause requirement under the Fourth Amendment. See Virginia at p. 10.

Bradley testified that when she approached Plaintiff to place her under arrest, Plaintiff began moving away from Bradley back towards her house. (Exhibit A at p. 263). Furthermore, Bradley testified that Plaintiff was on the phone at the time Threet ordered that she be arrested, and numerous requests were made by police to Plaintiff to put her cell phone down. Bradley again told Plaintiff she was under arrest and to put her hands behind her back. (Exhibit A at p. 303). Plaintiff refused to put the phone down. Even Plaintiff admits that Bradley "could" have told her to put the cell phone down, and admits that it is a "possibility" that she did not put the cell phone down. (Exhibit A at p. 121). Plaintiff knew she was under arrest and Plaintiff disobeyed an order by police. This evidence alone is enough to show that Plaintiff committed a crime, albeit a minor one, in Defendants presence and therefore, probable cause existed for her arrest.

Moreover, Plaintiff continued to resist arrest when she pulled away from Bradley and

became argumentative during the handcuffing process. The law is clear that "a person is not authorized to use force to resist an arrest which he knows is being made by a peace officer, even if he believes that the arrest is unlawful and the arrest is in fact unlawful." 720 ILCS 5/12-7; Humphrey v. Staszak, 148 F.3d 719, 725 (7th Cir. 1998). Even assuming *arguendo*, that the arrest was unlawful, Plaintiff can not use any force to resist arrest. Bradley testified that Plaintiff continued talking on the phone and Bradley placed a handcuff on Plaintiff's left wrist. (Exhibit A at p. 304). Plaintiff then pulled her left arm away from Bradley and twisted Bradley's arm. (Exhibit A at p. 304). At that point, other officers, including Parker assisted Bradley in placing Plaintiff under arrest. (Exhibit A at p. 305). Parker testified that he saw Bradley pull her arm back and say "ouch," and it was only at that point that he had physical contact with Plaintiff, to assist Bradley. Additionally, it was stipulated by the parties that if Blazej were recalled to testify, that he would testify that when the female officer told her to put the phone away, "I want to arrest, the officer says. And she didn't do it. When she tried to catch her in other hand, she move her suddenly to the back." (Exhibit A at p. 999). Plaintiff even admits that after Bradley had gotten one of Plaintiff's arms cuffed, and was trying to cuff the other arm, Plaintiff "might have moved some, but I, you know, that's it. I wasn't doing anything but trying to keep them from hurting me." (Exhibit A at p. 181). Furthermore, Plaintiff was loud and argumentative with the officers, and was "shocked" and asked them, "Why are you doing this to me? I haven't done anything. You haven't even talked to me." (Exhibit A at p. 118). Even in the light most favorable to Plaintiff, the evidence is clear that probable cause existed to arrest Plaintiff for resisting arrest.

## II. Defendant Officers are entitled to Qualified Immunity on Plaintiff's claim of false arrest

Defendant Officers are entitled to qualified immunity on Plaintiff's claim of false arrest. The law is well-established that there is a constitutional right to be free from arrest without probable cause. See Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). However, an officer is entitled to qualified immunity if a reasonable officer in the same circumstances and with the same knowledge as the officer in question, could have reasonably believed probable cause existed in light of well-established law. Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991); see also Greene v. Reeves, 80 F.3d 1101, 1007 (6th Cir. 1996 (granting qualified immunity in favor of officers even where probable cause was a close question).

As argued above, Threet made the decision to arrest Plaintiff. Bradley then approached Plaintiff to place her in handcuffs. At some point, Parker also approached Plaintiff to place her under arrest. It was reasonable at that time to believe that there was probable cause to arrest Plaintiff for disorderly conduct. Threet testified that when he arrived on the scene the first time, he spoke with Bradley, spoke with the construction workers, and assessed the situation. He testified that he left after he determined the workers could continue working. He was called back a short time later by Bradley and at that time, he again spoke with Bradley, spoke with Plaintiff's parents and the construction workers and again allowed the workers to continue.

Defendant Officers were reasonable in their belief that probable cause existed to arrest Plaintiff for resisting arrest. As argued more fully above, Plaintiff admits she refused to put her cell phone down after ordered to do so by Bradley, that she moved away when Bradley tried to handcuff her and that she was arguing and yelling at the time officers were trying to place her under arrest. Under Illinois law, resisting or obstructing a peace officer is defined as "a person

who knowingly resists or obstructs the performance by one known to the person to be a peace officer…of any authorized act within his official capacity. 720 ILCS 5/31-1(a). The law is clear that "a person is not authorized to use force to resist an arrest which he knows is being made by a peace officer, even if he believes that the arrest is unlawful and the arrest is in fact unlawful." 720 ILCS 5/12-7.

A reasonable officer under the same circumstances that Defendants faced, could have believed that when Plaintiff refused to comply with their orders to put the cell phone down and place her hands behind her back, there was probable cause to arrest Plaintiff. In essence, the law is not clearly established that when officers are going to effectuate an arrest and a plaintiff refused to put down a cell phone, that the plaintiff's refusal does not constitute resisting arrest. Furthermore, the fact that Plaintiff also moved her hand away from Bradley while Bradley was trying to place handcuffs on her, coupled with Plaintiff's refusal to follow orders, could reasonably lead a police officer to believe a person had committed the offense of Resisting Arrest

**WHEREFORE**, Defendant Officers request that this Court enter judgment in their favor on the claim of false arrest.

Respectfully submitted,

/s/ Andrew M. Hale
Andrew M. Hale & Associates
53 West Jackson Blvd.
Suite 1757
Chicago, IL 60604
312-341-9646

/s/ Avi T. Kamionski
Avi T. Kamionski
Andrew M. Hale & Associates
53 W. Jackson Blvd.
Suite 1757
Chicago, IL 60604
312-341-9646

/s/ Julia S. Bruce
Julia S. Bruce
Assistant Corporation Counsel
30 North La Salle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-0451
Attorney Number: 06273493