# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DARLENE MOORE,  )
)
Plaintiff,  )
)
vs.  )  No. 02 C 5130
)
CITY OF CHICAGO, et. al.,  )
)
Defendants.  )

## MEMORANDUM OPINION AND ORDER

Defendants move for judgment as a matter of law or for a new trial, or, in the alternative, to enter a remittitur. Those motions are denied.

This case was troubled from inception, primarily because plaintiff was herself a rather troubled person, with a long history of depression. Discovery was lengthy and difficult, as only over time was plaintiff able to recapture her extensive mental and physical medical history. The case ultimately turned on a jury's perception of events over a brief and not particularly memorable period one afternoon. The jury determined that the defendants, Chicago police officers, were guilty of false arrest but not of excessive force and awarded plaintiff $250,000. From that we can surmise what this jury believed happened.

Plaintiff owned an apartment property. The neighbors next door were having a new roof installed, and the roofers removing the old roof permitted much of the debris to accumulate on plaintiff's property. When plaintiff arrived on the scene she was considerably distressed. She wanted the invasion of her property to stop immediately and to have the debris removed, although the evidence did not suggest anything other than that the invasion was

temporary and would not damage plaintiff's property. Plaintiff called the police and they arrived. They apparently did not understand that plaintiff owned the property and were not particularly sympathetic to her concerns. What happened next depends on whose version of events is credited, since virtually every witness had a somewhat different recollection of what transpired. That is perhaps understandable, as the witnesses, or at least some of them, were being asked to recall events on a not very memorable afternoon years before. According to police witnesses, or at least some of them, plaintiff acted out, swore, attempted to move roofers' equipment, and resisted arrest. According to the head roofer, he did not recall her acting out, swearing or attempting to do something with his equipment. He just went ahead with his job. According to plaintiff and some family members, she never lost control, never touched roofer equipment and never swore, although she did continue to insist that the police provide the protection of her property rights to which she believed she was entitled.

Plaintiff was arrested while she was on her cell phone calling 911 seeking the police assistance she was not getting from the officers at the scene. It is undisputed that plaintiff was not particularly cooperative and that the officers used some force, but we can surmise from the jury verdict that the lack of cooperation did not rise to the level of resisting arrest and the force used was not excessive under the circumstances.

Defendants' motion for judgment as a matter of law rests on three grounds. The first is that Sergeant Threet, not officers Bradley and Parker, "seized" plaintiff by announcing her arrest, and when Bradley and Parker took her into custody she had therefore already been arrested. The second and related contention is that Bradley and Parker merely effectuated an arrest that had already been accomplished. They also contend that the evidence established

that even if there was not probable cause to arrest plaintiff initially, probable cause existed after she resisted that arrest because one has to submit to an arrest even if illegal. Finally, they raise an issue of qualified immunity.

We do not believe defendants can parse an arrest that fine. Threet, Bradley and Parker all participated in the arrest. Bradley and Parker were on the scene for much of the time. The jury could reasonable conclude that they were aware that plaintiff had done nothing to merit arrest. Plaintiff's testimony, that of family members, and of the roofer provide a basis for concluding she had done nothing which justified arrest.

If we deny the motion for judgment as a matter of law, which we do, then defendants move for a new trial or, alternatively, for a remittitur. That motion is denied as well. The $250,000 verdict is generous, given that plaintiff was in custody for only about twelve hours, and the defendants did not use excessive force. Liability depends upon a determination that the force necessary to effectuate an arrest may be reasonable, even though it causes some physical injury, because the arrestee did not cooperate. This is so even though her lack of cooperation does not rise to the level of resisting arrest. We have already subscribed to that concept and we do so again. No force would have been necessary if plaintiff had not been arrested, and the jury concluded she should not have been.

The $250,000 is justified because the plaintiff's damages were increased substantially because she is so fragile, mentally and physically. We have remarked before that the day of the incident was not a memorable afternoon, one that would stick in one's mind for years. A brief neighborhood dispute resulted in an arrest that caused a little bruising but no significant injuries and resulted in a short detention. But plaintiff's mental and physical history caused her to be far more vulnerable than most persons. We see no reason to set out at length the

evidence supporting that conclusion. It is well documented in plaintiff's response to defendant's motion for remittitur.

## CONCLUSION

For the foregoing reasons, defendants' motions are denied.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

July 25, 2008.